IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GEVAUGHN JOHNSON                                                                        PLAINTIFF

V.                                   CAUSE NO.: 1:15CV031-SA-DAS

WASTE PRO OF MISSISSIPPI, INC.,
D/B/A MS INDUSTRIAL WASTE                                                 DEFENDANT

MEMORANDUM OPINION

Gevaughn Johnson filed this case in October of 2014 in the Circuit Court of Lowndes County. Waste Pro of Mississippi removed this action in February of 2015. Defendant has now filed a Motion to Dismiss [41] asserting that the case must be dismissed as Plaintiff has failed to prosecute the case.

*Factual and Procedural Background*

Defendant propounded interrogatories and requests for production of documents on June 15, 2015. Plaintiff failed to respond. Defendant filed a Motion to Compel on October 29, 2015 which was granted. The magistrate judge also issued an Order to Show Cause [29] as to why sanctions should not be imposed against both the Plaintiff and her counsel. In response, Plaintiff's counsel indicated that he was unable to make contact with Plaintiff since before August 2015. He proceeded to serve pre-discovery disclosure of core information and responses to Defendant's first set of discovery. Defendant complained about the quality of discovery, and the magistrate judge held a telephonic status conference to address the deficient responses. Again, Plaintiff's counsel indicated his inability to contact the Plaintiff.

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with a court order and refusal to participate in the discovery process.

*Motion to Dismiss Standard*

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Engineering Co.,* 589 F.2d 243, 248 (5th Cir. 1979) (in special concurrence); *Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte,* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)).

*Discussion and Analysis*

The trial of this matter is scheduled for August 15, 2016. At the case management conference held in April of 2015, deadlines for discovery and motions were set. Since that time, four extensions have been granted due to Plaintiff's inability to be reached by telephone or email. In twelve months of discovery, Plaintiff has only responded to the initial disclosure requirements and has insufficiently answered Defendant's first set of interrogatories and requests for documents. No depositions have been taken. Plaintiff's counsel has indicated that he has not

spoken with Plaintiff in eight months and has been unable to establish contact with Plaintiff to even respond to the Motion to Dismiss. It is fair to assume that the parties will not be ready to litigate this case by August of 2016.

The Court finds that Plaintiff has wholly failed to prosecute this case. Plaintiff's disregard of the discovery process and his role in driving that process has impaired the court's orderly and expeditious disposition of this case. The Court finds that dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

*Conclusion*

Defendant's Motion to Dismiss [41] is GRANTED. Plaintiff's claims are DISMISSED with prejudice, and this case is CLOSED.

SO ORDERED, this the 18th day of May, 2016.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**